Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
P. David Lopez, DC Bar No. 426463
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-5016
Fax: (602) 640-5009
E-mail:  mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         patrick.lopez@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>           Plaintiff,<br><br>vs.<br><br>SOUTHWESTERN FURNITURE OF WISCONSIN, LLC, a Wisconsin LLC, d/b/a Ashley Furniture Homestores,<br>           Defendant. | Case No.: CV<br><br>COMPLAINT<br>(JURY TRIAL DEMANDED) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Jill Vanderploeg, who was adversely affected by such practices during her employment by Southwestern Furniture of Wisconsin, LLC, doing business as Ashley Furniture Homestores ("Ashley").  The Commission alleges that Defendant transferred Jill Vanderploeg to a less desirable work location because of her sex, female, and because she opposed the unlawful employment practices of Defendant, when she complained about what she reasonably believed was sexual harassment.  The Commission further alleges that Defendant suspended Ms. Vanderploeg without pay for approximately five days because

she opposed the unlawful employment practices of Defendant when she complained about sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Ashley, a Wisconsin LLC, has continuously been doing business in the State of Arizona, including the Cities of Mesa and Chandler, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Ashley has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jill Vanderploeg filed a charge with the Commission alleging violations of Title VII by Defendant Ashley.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Jill Vanderploeg complained internally about sexual harassment on or about June 10, 2006 to management officials of the Defendant.  Ms. Vanderploeg was suspended the same day she complained about what she reasonably believed was sexual harassment without pay for approximately five days during the investigation of her sexual harassment complaint.

8. Defendant has a policy or practice of suspending employees without pay when they complain about sexual harassment.

9. On or about June 15, 2006, Defendant involuntarily transferred Jill Vanderploeg from the Superstition Store to the Chandler Store.  The Chandler store required a longer commute for Ms. Vanderploeg and resulted in lower commissions earned for Ms. Vanderploeg.

## FIRST CLAIM: SEX DISCRIMINATION

10. Since at least June 2006, Defendant Ashley has engaged in unlawful employment practices at its Mesa, Arizona and Chandler, Arizona facilities in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a).  These practices include the transfer of Jill Vanderploeg to a less desirable work location because of her sex, female.

## SECOND CLAIM: RETALIATION

11. Since at least June 2006, Defendant Ashley has engaged in unlawful retaliatory employment practices at its Mesa, Arizona and Chandler, Arizona facilities facility in violation of 704(a) of Title VII, 42 U.S.C. §§2000e-3(a).  These retaliatory employment policies or practices include suspending Jill Vanderploeg for approximately five days without pay and involuntarily transferring to a less desirable work location and because she expressed opposition to and made complaints about unlawful employment practices.

12. The effect of the practices complained of in paragraphs 7-11 above has been to deprive Jill Vanderploeg of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

13. The effect of the practices complained of in paragraph 7-11 above has been to deprive Jill Vanderploeg of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to unlawful employment practices.

14. The unlawful employment practices complained of in paragraphs 7 through 11 above were intentional.

15. The unlawful employment practices complained of in paragraphs 7 through 11 above were done with malice and/or with reckless indifference to the federally protected rights of Jill Vanderploeg.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Ashley, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant Ashley, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted, or participated in an investigation or proceeding under Title VII.

C. Order Defendant Ashley to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who oppose unlawful employment practices and/or file charges, testify, assist or participate in an investigation or proceeding under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Ashley to make whole Jill Vanderploeg, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

E. Order Defendant Ashley to make whole Jill Vanderploeg, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 12 above, in amounts to be determined at trial.

F. Order Defendant Ashley to make whole Jill Vanderploeg, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 11 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Ashley to pay Jill Vanderploeg punitive damages for its malicious and reckless conduct described in paragraphs 7 through 11 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 15th day of May, 2008.

          RONALD COOPER
          General Counsel

          GWENDOLYN REAMS
          Associate General Counsel

          EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION

1801 L Street, NW
Washington, D.C.  20507

 s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

 s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

s/P. David Lopez
P. DAVID LOPEZ
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff