**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Southwestern Furniture of Wisconsin, LLC, a Wisconsin LLC, d/b/a Ashley Furniture Homestores,<br><br>　　　　Defendant. | No. CV 08-0927-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Southwestern Furniture of Wisconsin, LLC's Motion for Summary Judgment (Doc. # 65). For the reasons that follow, the Court grants Defendant's motion.

**I.　BACKGROUND**

Defendant is a furniture retailer which operates five stores in the Phoenix, Arizona metropolitan area. In June 2005, Jill Vanderploeg was hired as a salesperson at Defendant's Mesa location. On June 10, 2006, a co-worker of Vanderploeg's alerted the sales manager, S. Gutierrez, that Vanderploeg made references to being harassed by two other co-workers, R. Low and D. Dixon. Gutierrez and store manager R. Bracamonte then approached Vanderploeg concerning the alleged harassments.

Vanderploeg informed Gutierrez and Bracamonte that both Low and Dixon had engaged in conduct that made her feel uncomfortable. Vanderploeg stated that, in particular, Low made sexual comments during a sales meeting. During this meeting with Gutierrez and Bracamonte, Vanderploeg indicated that she no longer wished to make a complaint against Dixon, rather she only wished to make a complaint against Low. Vanderploeg then submitted a written statement concerning her allegations of harassment against Low.

Gutierrez and Bracamonte next met with Low to investigate Vanderploeg's allegations. Low denied any sexual harassment towards Vanderploeg and claimed that Vanderploeg had made sexually inappropriate comments in the workplace. Low also submitted a written statement concerning his allegations against Vanderploeg.

After interviewing Vanderploeg and Low, Defendant sent both parties home without pay pending a full investigation. Defendant then consulted its attorney, A. Bickart, concerning the appropriate course of action. Based on the investigation, Defendant concluded that there was insufficient evidence to substantiate either allegation of harassment by Vanderploeg or Low. Nevertheless, Bickart recommended separating Vanderploeg from Low and Dixon. Accordingly, Vanderploeg was transferred to Defendant's Chandler store.

In July 2006, Vanderploeg filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination against Defendant. In May 2008, the EEOC filed the present action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), (3), alleging sexual discrimination and retaliation in violation of Title VII.

**II.     ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c). Thus, summary judgment is mandated, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

Moreover, the Ninth Circuit Court of Appeals "has set a high standard for the granting of summary judgment in employment discrimination cases." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996). As the Ninth Circuit has explained, "[w]e require very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a 'searching inquiry'–one that is most appropriately conducted by the factfinder, upon a full record.'" *Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1564 (9th Cir. 1994) (internal quotations omitted).

**A.   Sex Discrimination**

Plaintiff's first cause of action alleges that Defendant violated Title VII, 42 U.S.C. § 2000e-2(a), by transferring Vanderploeg to the Chandler store because of Vanderploeg's sex. "This provision makes 'disparate treatment' based on sex a violation of federal law." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061-62 (9th Cir. 2002) (citation omitted).

///

### 1. Legal Framework

To show disparate treatment under Title VII, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Specifically, the plaintiff must show that (1) she belongs to a protected class, (2) she was qualified for the position, (3) she was subjected to an adverse employment action, and (4) similarly situated men were treated more favorably. *Villiarimo,* 281 F.3d at 1062. The Ninth Circuit "has explained that under the *McDonnell Douglas* framework, 'the requisite degree of proof necessary to establish a prima facie case for Title VII . . . on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence.'" *Id.* (quoting *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir. 1994)).

If the plaintiff establishes a prima facie case, the burden of production then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. *McDonnell Douglas*, 411 U.S. at 802. If the employer carries its burden, then the plaintiff must show that the articulated rationale given by the employer is pretextual–"either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256 (1981).

### 2. Prima Facie Case

Of the four elements Plaintiff is required to demonstrate in order to establish a prima facie case, Defendant argues only that Plaintiff is unable to satisfy element three; namely, that she was subjected to an adverse employment action. The Ninth Circuit has defined adverse employment actions "broadly." *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840 (9th Cir. 2004); *Ray v. Henderson,* 217 F.3d 1234, 1241 (9th Cir. 2000). After reviewing the evidence submitted by both parties, the Court finds that Plaintiff has submitted sufficient evidence supporting the assertion that Vanderploeg suffered an adverse employment action.

Plaintiff claims that by being transferred to the Chandler store, her income decreased by more than half. In response, Defendant does not dispute that Plaintiff's income decreased.

Rather, Defendant argues that Plaintiff did not experience any decline in sales opportunities as a result of her transfer. Even if Plaintiff had an equal or greater amount of sales opportunities at the Chandler store, this does not alter the fact that Plaintiff earned less income at the Chandler store. Whether Plaintiff's decreased income resulted from her transfer to the Chandler store–as Plaintiff suggests–or whether it resulted from a decline in the furniture sales business during the months Plaintiff worked at the Chandler store–as Defendant suggests–raises an issue of fact not properly determined by this Court at the summary judgment stage. *See Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 970 (9th Cir. 2002) (holding that reduction in base pay was an adverse employment action even though commission and bonuses might have equaled the same net pay).

Plaintiff also argues that her transfer to the Chandler store increased her commute from twelve miles to thirty-two miles each way. Defendant responds by citing a Tenth Circuit case wherein that Court found that an increase in commute did not constitute an adverse employment action. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998). The Court agrees that an increase in commute resulting from a transfer does not, in and of itself, constitute an adverse employment action. Nevertheless, the Court believes it is relevant and is a factor that should be considered in determining whether Plaintiff suffered an adverse employment action by being transferred to the Chandler store.

Although there is little evidence in the record supporting Plaintiff's prima facie case that Defendant discriminated against her by transferring her to the Chandler store, given the low burden of proof at the summary judgment stage, the Court finds that Plaintiff has carried her burden under the *McDonnell Douglas* framework. As such, the Court must next consider whether Defendant has adequately articulated legitimate, non-discriminatory reasons for the transfer.

**3. Defendant's Nondiscriminatory Reasons**

Because Plaintiff established a prima facie case for discrimination, the burden of production shifts to Defendant to articulate nondiscriminatory reasons for transferring Plaintiff to the Chandler store. *McDonnell Douglas*, 411 U.S. at 802.

Defendant proffers two reasons: "(1) it was prudent to separate Vanderploeg from Low and Dixon to avoid further issues between them; and (2) it was patently logical to transfer one salesperson, rather than two." (Doc. # 65 at p. 8) The Court finds Defendant's articulated reasons for the transfer to be legitimate and nondiscriminatory, and concludes that Defendant has met its burden of production. Defendant's articulation of facially nondiscriminatory reasons shifts the burden back to Plaintiff to show that Defendant's reasons were pretext for discrimination. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).

**4.     Pretext**

Because Defendant has articulated nondiscriminatory reasons for transferring Plaintiff to the Chandler store, Plaintiff must now produce evidence sufficient to create a genuine issue of fact as to whether, viewing the evidence in the light most favorable to Plaintiff, Defendant's reasons are pretextual. "[A] plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of California Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000). The Court finds that Plaintiff has failed to show pretext either directly or indirectly such that a reasonable jury could conclude that Defendant's proffered reasons are pretextual.

In the section of her response pertaining to her discrimination claim, Plaintiff includes only one paragraph of argument as to why Defendant's reasons are pretextual:

> Defendant's "legitimate, non-discriminatory" reasons for transferring Ms. Vanderploeg rather than her male co-worker are without merit. Defendant argues, in effect, that it is Ms. Vanderploeg's fault that she had to be transferred. Viewed in the light most favorable to the non-moving party, there exists ample evidence from which a reasonable jury could conclude that Southwestern Furniture transferred Jill Vanderploeg because of her sex.

(Doc. # 67 at p. 7.) Although not entirely clear, it appears that Plaintiff is attempting to demonstrate indirectly that Defendant's reasons are pretextual. Plaintiff's statements are conclusory in nature and, in any event, the Court does not find that Defendant's explanations

- 6 -

are "unworthy of credence." *Id.* Defendant's reasons are consistent with their actions taken from the time the alleged harassments were reported until the time Vanderploeg was transferred, nor do they conflict with one another. Moreover, Plaintiff has failed to demonstrate that Defendant's proffered reasons are unbelievable. Defendant was faced with two conflicting harassment claims, neither of which it found to be substantiated.[1] Defendant then sought to remove the possibility of any further conflict between Vanderploeg, Low, and Dixon. Defendant's reasons for transferring Vanderploeg, as opposed to an alternative salesperson, are not unworthy of credence. Furthermore, even if Defendant had not transferred Vanderploeg but had instead transferred Low and Dixon, it is likely that Defendant would be subject to the same discrimination and retaliation claims–namely that Defendant transferred Low and Dixon, two males, based upon their sex. Although Plaintiff is not required to introduce any evidence beyond what she offered to establish her prima facie case, *see Miller v. Fairchild Indus., Inc.*, 797 F.2d 727 (9th Cir. 1986), even considering such evidence–which as noted above is minimal–Plaintiff has failed to show any pretext such that a reasonable jury could conclude that Defendant's proffered reasons are merely pretextual.

Accordingly, the Court will grant summary judgment on Plaintiff's claim for sex discrimination in Count I based upon her transfer to the Chandler store.

**B.     Retaliation**

Plaintiff's second cause of action alleges that Defendant violated Title VII, 42 U.S.C. § 2000e-3(a), by suspending Vanderploeg without pay and then transferring her to the Chandler store. This section prohibits retaliation against an employee who opposes an unlawful employment practice.

**1.     Legal Framework**

To make out a prima facie case of retaliation, Plaintiff must establish that: (1) she undertook a protected activity under Title VII; (2) Defendant subjected her to an adverse

---

[1] This point is significant in that it highlights that this action is not about sexual harassment–which was found to be unsubstantiated–but about whether Defendant discriminated and retaliated against Vanderploeg because of her sex.

employment action; and (3) there is a causal link between these two events. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Once a plaintiff sets forth a prima facie retaliation case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision. *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir. 2000). If the defendant can articulate such a reason, then the burden shifts back to the plaintiff to show that the reason was a pretext for a discriminatory motive. *Id.*

**2.    Prima Facie Case**

For the purpose of this motion, Defendant admits that Plaintiff has demonstrated a prima facie case of retaliation. Hence, the burden now shifts to Defendant to articulate legitimate, nondiscriminatory reasons for its decisions.

**3.    Defendant's Nondiscriminatory Reasons**

With respect to Defendant's decision to send Vanderploeg home during the investigation, Defendant states that it has a "practice of sending both employees home pending an investigation, in order to defuse the situation." (Doc. # 65 at p. 12.) Defendant further states that the decision to send Vanderploeg home "was unrelated to the substance of the complaints, but was made for the legitimate, nondiscriminatory reasons of defusing the situation and allowing the Company to appropriately investigate the matter without interference or disruptions." (*Id.* at pp. 12-13.) With respect to Defendant's decision to transfer Vanderploeg to the Chandler store, Defendant proffers the same reasons as discussed above; namely, it was prudent to separate Vanderploeg from the others and it was a matter of economics in transferring one salesperson, rather than two. Although Plaintiff contends that Defendant's policy of sending home an employee who makes a complaint of sexual harassment is in violation of Title VII's prohibition against retaliation, Defendant's proffered rationale for its policy is both legitimate and nondiscriminatory, especially in light of the nature of Defendant's business and the fact that Defendant's salespersons are in plain view of the public. Defendant states that it does not want any further conflict and, hence, sends the involved parties home. Further, Defendant asserts that if the parties are present, then Defendant's investigation into the accusations can be compromised. Contrary to Plaintiff's

suggestion, Defendant's policy is not violative of Title VII as a matter of law, and Plaintiff has failed to cite this Court to any cases so holding.

The Court finds Defendant's articulated reasons to be legitimate and nondiscriminatory, and concludes that Defendant has met its burden of production. Defendant's articulation of facially nondiscriminatory reasons shifts the burden back to Plaintiff to show that Defendant's reasons are pretext for discrimination.

**4. Pretext**

Plaintiff must now produce evidence sufficient to create a genuine issue of fact as to whether, viewing the evidence in the light most favorable to Plaintiff, Defendant's reasons are pretextual. "[A] plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang*, 225 F.3d at 1127. The Court finds that Plaintiff has failed to show pretext either directly or indirectly such that a reasonable jury could conclude that Defendant's proffered reasons are pretextual.

In response to Defendant's proffered reasons for sending Vanderploeg home, Plaintiff first argues that Defendant fails to "explain why it had to suspend Ms. Vanderploeg without pay." (Doc. # 67 at p. 11.) Whether to pay Vanderploeg or not during the pendency of the investigation has no bearing on the rationales given by Defendant: by sending Vanderploeg and Low home, any potential for further conflict is avoided, and Defendant is permitted to conclude its investigation free of interference. Moreover, Low also received no pay during the investigation, which belies Plaintiffs' suggestion that Defendant's rationale is a mere pretext for retaliation. Defendant gives an example of a past incident where two employees were sent home, without pay, after a physical altercation. This demonstrates that Defendant's policy is applied evenly, and that it was not applied to Vanderploeg in retaliation for her complaint against Low. Also, given the fact that Low made an allegation against Vanderploeg, it was not unreasonable to send both Low and Vanderploeg home. Finally, Plaintiff did not submit any evidence demonstrating any other salesperson that was sent home

pursuant to Defendant's policy but he or she actually received pay during the investigation. Plaintiff has failed to demonstrate either directly or indirectly that Defendant's reasons for sending Vanderploeg home and without pay was a mere pretext for retaliating against her. There is no genuine issue of material fact concerning the legitimacy of Defendant's non-discriminatory reasons.

Plaintiff next suggests that Defendant's reason for sending Vanderploeg home so Defendant could continue its investigation "is not credible given that Mr. Gutierrez completed his purported investigation of Ms. Vanderploeg's allegation on June 10, 2006, the day the allegations were made." (*Id.*) However, the record does not support Plaintiff's assertion that Defendant's investigation was concluded on June 10. After the initial investigation at the Mesa store was completed on June 10, the matter was turned over to Defendant's general manager. Morever, Defendant also submitted the matter to its attorney for advice on how to proceed. In any event, from the date Vanderploeg was sent home until the day she was permitted to return to work, only five days elapsed. While five days of not earning income is not insignificant, given the seriousness of the accusations by Vanderploeg and Low, this short amount of time was not an unreasonable amount of time for Defendant's to conduct their investigations. Plaintiff has failed to submit any direct or indirect evidence from which a reasonable jury could conclude that Defendant's rationale for sending Vanderploeg home–so it could complete its investigation without interruption–is a mere pretext for retaliating against her.

Plaintiff also asserts that "Defendant equating Vanderploeg's complaint to a situation where two male employees are fighting again demonstrates that Defendant does not understand its obligations under Title VII to provide a workplace free from discrimination and retaliation." (*Id.*) Plaintiff does not suggest how Defendant's illustration implies that it does not understand its obligations under Title VII. As discussed above, the illustration is indicative of Defendant's policy being applied equally, without regard to sex or the type of allegations being made, and is contrary to Plaintiff's suggestion that Defendant sent Vanderploeg home without pay for the purpose of retaliating against her.

1    Plaintiff next argues that Defendant's proffered reasons for transferring Vanderploeg
2 to the Chandler store are mere pretext for retaliation. In support of her argument, Plaintiff
3 suggests that Defendant's own attorney acknowledged that Vanderploeg's sexual harassment
4 complaint and gender were reasons for her transfer. Bickart made the following statement
5 concerning his advice to Defendant: "that you have two men at that location and one woman
6 who's alleging that one of them did something. I said the easy decision economically and
7 from a business perspective is to relocate the woman." (Doc. # 68 at p. 5, ¶ 32.) However,
8 when viewed in the context of his other deposition testimony, it is clear that Bickart's advice
9 was not premised upon Vanderploeg's sex, nor on her having made a sexual harassment
10 complaint. Moreover, even ignoring the context of Bickart's advice, the plain language of
11 the statement quoted by Plaintiff does not support Plaintiff's implication. It is clear that
12 Bickart was premising his advice upon economics, and not the sex of Vanderploeg.
13 Although Bickart uses the terms "men" and "woman," a reasonable jury could not conclude
14 that the above statement suggests Bickart's advice was premised upon Vanderploeg's status
15 as a woman, nor on her having made a sexual harassment complaint. To the extent Plaintiff
16 relies upon this isolated statement for the proposition that Vanderploeg's transfer was a mere
17 pretext for Vanderploeg's sex and in retaliation for Vanderploeg having made a sexual
18 harassment complaint, the Court is not persuaded.
19    Plaintiff finally argues that Defendant's rationale for transferring Vanderploeg based
20 upon economic reasons is not credible. In support of her argument, Plaintiff suggests that
21 Defendant, as a matter of pretext, places emphasis on a conflict between Dixon and
22 Vanderploeg so that Defendant is justified in its rationale for transferring Vanderploeg, *i.e.*,
23 it is more economically sound to transfer one salesperson as opposed to two. However,
24 Plaintiff's evidence in support of this assertion is unconvincing.
25    Although Vanderploeg chose not to formally make a claim for sexual harassment
26 against Dixon, Vanderploeg initially informed Gutierrez and Bracamonte that both Low and
27 Dixon had engaged in conduct that made her feel uncomfortable. Such statements, from the
28 view of the employer, had the effect of ringing the proverbial bell that cannot be un-rung.

Once Vanderploeg suggested a possibility of a sexual harassment issue existing between her and Dixon, Defendant was not permitted to simply ignore Vanderploeg's statements and assume Vanderploeg and Dixon would harmoniously coexist. Vanderploeg does not steer Defendant's required response by choosing to make or not make a formal complaint of sexual harassment. Once Vanderploeg suggested Dixon engaged in conduct that made her feel uncomfortable, Defendant had no choice but to consider Dixon and the implications of placing Vanderploeg back in an environment with Dixon once Defendant determined that a transfer was the appropriate remedy.

Plaintiff further suggests as evidence of pretext is Gutierrez's knowledge that Vanderploeg and Dixon were dating prior to Vanderploeg's complaint of sexual harassment, yet Gutierrez took no action. However, Vanderploeg's statements concerning Dixon were made after Vanderploeg and Dixon were no longer dating, and there is no evidence in the record supporting the existence of an issue between Vanderploeg and Dixon while they were dating. Hence, there was no reason for Gutierrez to take any action while Vanderploeg and Dixon were still dating. While Dixon and Vanderploeg may have been dating in violation of Defendant's policies towards such relationships, such policies have no bearing on Plaintiff's discrimination and retaliation claims.

While "very little" direct evidence of discrimination and retaliation is needed to create a genuine issue of material fact, *Godwin*, 150 F.3d at 1221, Plaintiff has failed to submit enough evidence to satisfy this standard. Nor has Plaintiff submitted sufficient indirect evidence of retaliation. Although Plaintiff is not required to introduce any evidence beyond what she offered to establish her prima facie case, no reasonable jury could conclude that Defendant's proffered reasons are merely pretextual. As such, the Court will grant summary judgment on Plaintiff's claim for retaliation in Count II.[2]

///

---

[2] Because the Court concludes that summary judgment must be granted on both counts in Plaintiff's complaint, the Court need not address the parties' contentions concerning punitive damages.

### III. CONCLUSION

Under Count I, Plaintiff has failed to provide any evidence of pretext such that a reasonable jury could conclude that Defendant's proffered reasons are merely pretextual. For the same reasons, Plaintiff's claims under Count II fail. As such, the Court must grant summary judgment on the entirety of Plaintiff's claims and dismiss this action.

Accordingly,

**IT IS ORDERED** that Defendant Southwestern Furniture of Wisconsin, LLC's Motion for Summary Judgment (Doc. # 65) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff.

DATED this 29th day of March, 2010.

James A. Teilborg
United States District Judge